UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARIO BAUTISTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:05-CR-92-JRG-1 |
| | ) | 2:16-CV-186-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 103]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on July 22, 2016 [Doc. 105]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court is Petitioner's request for an extension of time to supplement his *Johnson*-based arguments for collateral relief [Doc. 110]. For the reasons that follow, the requested extension will be **DENIED** and Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.   **BACKGROUND**

In 2007, Petitioner pled guilty, and was later convicted of, conspiring to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [E.D. Tenn. Case No. 2:05-cr-92, Doc. 65], and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) [E.D. Tenn. Case No. 2:06-cr-83, Doc. 19]. Based

on stipulations in Petitioner's plea agreement, the United States Probation Office deemed him responsible for 15 kilograms of cocaine hydrochloride and assigned Petitioner a base offense level of thirty-four [Presentence Investigation Report (PSR) ¶¶ 11, 20]. A two-level enhancement for possessing a firearm, two-level enhancement for money laundering, and three-level reduction for acceptance of responsibility, yielded a total offense level of thirty-five [*Id.* ¶¶ 21, 26, 27, 32, 34, 37]. Combined with his criminal history category of IV, Petitioner's total offense level resulted in an advisory Guideline range to 235 to 293 months' imprisonment [*Id.* ¶¶ 50, 62, 63]. The Court granted a Section 5K1.1 motion filed by the United States and sentenced Petitioner to 180 months' imprisonment on November 9, 2007 [E.D. Tenn. Case No. 2:05-cr-92, Docs. 59, 61, 65; E.D. Tenn. Case No. 2:06-cr-83, Docs. 15, 19]. Petitioner did not file a direct appeal.

Petitioner filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782 on December 28, 2015, but the Court denied that request [E.D. Tenn. Case No. 2:05-cr-92, Docs. 94, 96, 101; E.D. Tenn. Case No. 2:06-cr-83, Docs. 36, 41]. In doing so, the Court emphasized the seriousness of Petitioner's offense conduct: obtaining multiple-kilogram shipments of cocaine from other states for redistribution in eastern Tennessee for more than two years; entering the United States illegally during the conspiracy; possessing firearms during the conspiracy; and committing a money-laundering offense in an effort to conceal illegal drug trafficking profits [E.D. Tenn. Case No. 2:05-cr-92, Doc. 101 p. 4; E.D. Tenn. Case No. 2:06-cr-83, Doc. 41 p. 4]. The Court also noted that Petitioner's "history of disciplinary infractions" after being sentenced signaled a "high risk of recidivism and disregard for prison regulations" [*Id.*].

A little over one year later—on June 20, 2016, Petitioner filed the instant motion requesting sentencing relief in light of the *Johnson* decision [Doc. 103]. After advising Petitioner about the consequences inherent with its decision to do so and affording him an opportunity to object, the Court construed the request as a motion for collateral relief under § 2255.

## II. REQUEST FOR A STAY OR EXTENSION OF TIME

On March 14, 2017, this Court notified Petitioner of its intent to recharacterize his pro se motion for a reduction in sentence as a motion to vacate, set aside, or correct sentence under § 2255 and afforded Petitioner "ten (10) days from the date of [its] Order to either notify the Court of his objection to the recharacterization or amend [the] motion" [Doc. 109]. Thirteen days later—on March 27, 2017, Petitioner filed a pro se motion (1) affirming that he intended the filing to be treated as a § 2255 petition for relief based on the *Johnson* decision, (2) requesting that the Court either stay the proceeding or grant him an extension of time to supplement the petition with additional arguments, and (3) asking for copies of several documents to aid in the preparation of those additional grounds for relief [Doc. 110 (explaining that Petitioner desires to "take the opportunity to file a § 2255 motion" but requesting additional time to "develop his claim")].

The request will be denied for the following reasons. First, the Court afforded Petitioner an opportunity to object to the treatment of his pro se filing as a 2255 petition and he did not. To the extent that Petitioner might point to the statement that he would be "prejudice[d]" if not allowed "to file a [supplement]," that is not the same as an objection to the recharacterization or an unambiguous statement that Petitioner did not intend for the pro se filing to be treated as a § 2255 petition. Second, Petitioner submitted the underlying pro se motion on June 20, 2016,

3

meaning he had nine months to either expound on the arguments for *Johnson*-based relief or supplement the petition with additional theories. Third and finally, Petitioner had notice of this Court's intent to treat the filing as a § 2255 petition well before the March 14, 2017 Order to that effect. Not only was his motion filed as a § 2255 petition by the Clerk's Office [Doc. 103], but the United States responded to the motion in accordance with that § 2255 designation on July 22, 2016 [Doc. 105].

## III. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

To the extent that Petitioner argues that he no longer possesses the predicate offenses for categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under

Section 2K2.1(a) of the same, that argument fails because he was never subjected to those provisions.[1]

To the extent Petitioner requests "a two-point reduction" or some alteration to his sentence based on the fact that (a) "the elements of [his] offense do not describe inherently dangerous conduct," (b) the "use" prong of § 924(c) requires an "active employment of the firearm," and (c) defendants with base offense levels calculated under Section 2K2.1 can receive a reduction if they possessed firearms solely for lawful sporting purposes [Doc. 103 p. 2], the Court declines for three reasons: "inherently dangerous conduct" is not an element of either § 841(a)(1) or § 1956(a); Petitioner was not convicted of "using" a firearm under 18 U.S.C. §

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

924(c); and Petitioner has not provided factual support based upon which this Court might apply the reduction in Section 2K2.1.

IV. **CONCLUSION**

For the reasons discussed, Petitioner's request for a stay or extension [Doc. 110] will be **DENIED** and § 2255 motion [Doc. 103] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                              s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE